IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES KEVIN MOREE,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 17-01-WS-N<br>) |
| WELLS FARGO BANK, N.A.,<br>    Defendant. | )<br>)<br>) |

# REPORT AND RECOMMENDATIONS

Plaintiff, James Kevin Moree, proceeding *pro se* and *in forma pauperis*, initiated this action on January 3, 2017, by filing a complaint with the Court. (Doc. 1). After *sua sponte* review, the undersigned Magistrate Judge determined that the complaint failed to allege a basis for the Court's subject matter jurisdiction and ordered Moree to file "an amendment to his complaint that contains 'a short and plain statement of the grounds for the court's jurisdiction,' Fed. R. Civ. P. 8(a)(1), and sufficient factual allegations supporting those grounds." (Doc. 7). On February 15, 2017, Moree filed a "Verified Affidavit of Injury" with attachments which this Court construes as an amendment of his pleading. (*See* Doc. 8). However, the amendment also fails to comply with this Court's previous order and fails to establish that this Court has subject matter jurisdiction over Moree's claims. Accordingly, the undersigned finds that this action is due to be **DISMISSED without prejudice** under Federal Rules of Civil Procedure 12(h)(3) and 41(b).

## DISCUSSION

As the undersigned previously explained to Moree (*see* Doc. 7), "[i]t is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction.

They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) … Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted).[1] "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

As was noted in the undersigned's previous order, Moree's initial complaint (Doc. 1) does not contain, as it must, "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), nor is any reasonably apparent from its face. In the Amended Complaint, the only clearly stated case of action is a state law breach of contract claim, a claim that would not provide for subject matter jurisdiction under either a specific statutory grant or federal question jurisdiction pursuant to 28 U.S.C. § 1331. Further, in neither his Original Complaint nor in his amendment, does Plaintiff properly assert diversity jurisdiction pursuant to 28 U.S.C. §

---

[1]
> Pleadings filed by *pro se* litigants are given liberal construction, but "we nevertheless have required them to conform to procedural rules." *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (quotation omitted). Plaintiffs must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden ... to allege with sufficient particularity the facts creating jurisdiction ...." (quotation omitted)).

*Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (per curiam) (unpublished) (affirming dismissal of *pro se* complaint for failure to allege a sufficient basis for subject matter jurisdiction).

1332(a). Under § 1332(a)(1), a district court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." However, a complaint's allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268.

In his amendment, Moree did not identify the citizenship of the parties or requisite amount in controversy such that diversity jurisdiction is apparent. In fact, in his amendment, Moree provides even less information pertaining to the citizenship of the parties than he did in his original Complaint. Namely, Moree made no comment on his own citizenship, except to identify his address and with regard to Wells Fargo, Moree stated only that Wells Fargo is a "major held FOREIGN entity". (Doc. 8 at 4). Even assuming Plaintiff is a citizen of Alabama, the citizenship of Wells Fargo remains unstated. Further, the only comment as to damages is provided in the following phrase: "compensation due for the Breach of Contract and Default: $745"000.00." (Doc. 8 at 2). Moree has offered no facts as to how this number was derived or provided this Court with any other valid information on which to determine that the amount in controversy has been met. As a result, Moree has not alleged facts that show federal subject matter jurisdiction over this case exists.

4

Furthermore, Moree has failed to amend his Complaint so as to satisfy either Rule 8(a)(2) or Rule 10(b) as ordered. More specifically, this Court's previous order stated as follows:

> Moree's Complaint is simply a series of statements without any factual narrative, supported by various attached exhibits, that alleges no specific cause(s) of action. Thus, it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. Accordingly, in addition to addressing subject matter jurisdiction as stated above, Moree must also amend his complaint to satisfy Rules 8(a)(2) and Rule 10(b) – that is, his amended complaint must contain a short and plain statement of his claim(s) showing that he is entitled to relief, and must state his claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

(Doc. 7 at 5-6). Moree's amendment is a series of documents totaling fourteen pages that provides little to no insight as to the factual basis supporting Plaintiff's claim(s). While it appears that Plaintiff is asserting a breach of contract claim and possibly a claim for trespass, Plaintiff has not complied with this Court's previous order by "providing a short plain statement of his claim(s) showing he is entitled to relief". As a result, in addition to dismissal being warranted for Moree's failure to properly assert subject matter jurisdiction, Moree's Complaint is subject to dismissal under the authority of Federal Rule of Civil Procedure 41(b) and the Court's inherent power to manage its docket.

## CONCLUSION

Moree has not alleged facts that, if true, show federal subject matter jurisdiction over this case exists, despite being given an opportunity to cure

5

this deficiency, and the undersigned is convinced any further attempt to do so would be futile. Thus, this Court is without jurisdiction and must dismiss this action. *See Travaglio*, 735 F.3d at 1268; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Further, Moree's Complaint is subject to dismissal under the authority of Federal Rule of Civil Procedure 41(b) and the Court's inherent power to manage its docket as Moree has failed to comply with this Court's previous Order. Accordingly, under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b)(1), the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 41(b) and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.[2]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

---

[2] The Court's local rules empower the undersigned Magistrate Judge to "[s]upervis[e] and determin[e] all pretrial proceedings" and to "make reports and recommendations" to the District Judge on dispositive matters. S.D. Ala. GenLR 72(a)(2)(S).

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 6th day of March 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**